<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MERAT M. SABA, | :<br>:<br>: Civil Action No. 16-9064-BRM-DEA<br>Plaintiff, :<br>:<br>v. :<br>:<br>AMERICAN FAMILY LIFE :<br>ASSURANCE COMPANY OF :<br>COLUMBUS (AFLAC), :<br>: **OPINION**<br>Defendant. :<br>: |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant American Family Life Assurance Company of Columbus's ("Defendant") Motion to Dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) *Pro se* Plaintiff Merat M. Saba ("Plaintiff") opposes the motion. (ECF No. 9.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**.

**I.  BACKGROUND**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

In 2006, Plaintiff purchased a disability insurance policy from Defendant through an agent. (ECF No. 1 at 3.) Plaintiff paid the premium for this policy for several years through a payroll deduction. (*Id.*) In 2012, when Plaintiff had to undergo surgery, he noticed his disability contract

1

changed to an "accident with disability rider contract." (*Id.*) The Complaint does not state Plaintiff made a claim for disability benefits and was denied coverage based on the change in policy or that he paid a higher premium for the "accident with disability rider contract." Plaintiff alleges the policy was changed "by forging [his] signature from [his] work I.D. card to [sic] contract signature page." (*Id.*) Plaintiff alleges either Defendant or its agent is responsible for the alleged forgery. (*Id.*)

Plaintiff contends he complained about the forgery to Defendant, the State Department of Banking and Insurance, the State Attorney General, and the Middlesex County Prosecutor's Office. (*Id.* at 3-4.) Plaintiff alleges in 2015, a detective from the Middlesex County Prosecutor's Office stated, "If you follow [sic] this complain [sic] you would loose [sic] your job." (*Id.* at 4.) Plaintiff alleges he was terminated from his job at the Middlesex County Board of Social Services that same year, where he had been working for fifteen years. (*Id.*)

On December 7, 2016, Plaintiff filed a form complaint ("Complaint") asking the Court to "prosecute this Complaint through investigation and comparing [his] signature with the one on [sic] contract to see the difference." (*Id.*) Plaintiff also seeks "damages for loss of income due to his job termination per Detective Warning, psychological, financial & reputation damages in the amount of $4,200,000." (*Id.*) On February 2, 2017, Defendant filed a Motion to Dismiss. (ECF No. 7). On February 24, 2017, Plaintiff filed an opposition. (ECF No. 9). Defendant filed its reply on February 24, 2017. (ECF No. 10.) On February 28, 2017, Plaintiff filed a sur-reply.[1] (ECF No. 11.)

---

[1] Plaintiff did not seek leave from the Court before filing his sur-reply, as he was required to do pursuant to Local Civil Rule 7.1(d)(6). Nonetheless, the Court considered it. *See Morris v. Verniero*, No. 03-1001, 2008 WL 1790433, at *1 n.1 (D.N.J. Apr. 18, 2008).

## II.    LEGAL STANDARDS

### A.  Federal Rules of Civil Procedure 8 and 12(b)(6)

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Philips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more

3

than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426.

### B. Federal Rule of Civil Procedure 9(b)

Fraud based claims are subject to a heightened pleading standard, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). For a fraud based claim, a court may grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b) if the plaintiff fails to plead with the required particularity. *See Frederico v. Home Depot*, 507 F.3d 188, 200-02 (3d Cir. 2007). The level of particularity required is sufficient details

4

to put the defendant on notice of the "precise misconduct with which [it is] charged." *Id.* at 200 (citation omitted). At a minimum, Rule 9(b) requires a plaintiff to allege the "essential factual background that would accompany the first paragraph of any newspaper story—that is, the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276-77 (3d Cir. 2006) (citation omitted).

### III. DECISION

Defendant argues Plaintiff's Complaint "is so devoid of issue that [Defendant] cannot reasonably respond to it or mount a defense" and thus it must be dismissed. (ECF No. 7-1 at 3.) The Court agrees. Plaintiff's Complaint fails to provide Defendant with "fair notice" of what his claims are and the grounds upon which his claims rest. *Erickson*, 551 U.S. at 93. For that reason alone, the Complaint may be dismissed, pursuant to rule 8(a). Nonetheless, because Plaintiff is *pro se*, the Court construes his Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and interprets Plaintiff to allege claims for breach of contract and common law fraud.[2]

---

[2] Because Plaintiff's Complaint fails to provide Defendant with "fair notice" of what his claims are and the grounds upon which his claims rest, Defendant's brief attempts to dismiss Plaintiff's Complaint on several grounds. Defendant argues Plaintiff: (1) has not alleged a breach of contract claim; (2) has not and cannot allege that any of Defendant's actions were the proximate cause of his alleged damages; (3) has not alleged a cause of action for fraud; and (4) failed to plead a viable claim for intentional infliction of emotional distress. (*See* ECF No. 7-1.) Plaintiff's opposition only responds to Defendant's dismissal of Plaintiff's breach of contract claim. (*See* ECF No. 9.) Because Plaintiff only responds to Defendant's dismissal of Plaintiff's breach of contract claim and the Court interprets the Complaint to allege only claims for breach of contract and fraud, the Court addresses only the claims for breach of contract and common law fraud.

### A. Breach of Contract

"A party alleging a breach of contract satisfies its pleading requirement if it alleges (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002) (citations omitted).

Defendant argues "Plaintiff's factual allegations, accepted as true, do not support an inference that [Defendant] breached its contractual obligations or that, even if it did, the damages Plaintiff seeks would be available under a breach of contract theory." (ECF No. 7-1 at 4.) Plaintiff argues a breach of contract occurred when his disability policy changed to an accident policy with disability rider. (ECF No. 9 at 2.) While Plaintiff has pled he entered into a contract with Defendant, via his disability insurance policy, and the contract was breached because instead of receiving a disability insurance policy he received an "accident with disability rider contract," Plaintiff has failed to plead he suffered any damages as a result of the breach. (ECF No. 1 at 3.) The Complaint does not state he made a claim for disability benefits and was denied or that he paid a higher premium for the "accident with disability rider contract." He merely alleges he noticed his disability contract changed to an "accident with disability rider contract," when he underwent surgery in 2012. (*Id.*) Plaintiff also alleges he was damaged as a result of being terminated from his job. (*Id.* at 4.) Those damages do not flow from Defendant's breach of contract. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's breach of contract claim **WITHOUT PREJUDICE**.

### B. Fraud

To state a claim for fraud under New Jersey law, a plaintiff must allege "(1) [the defendant made] a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) [the defendant had] an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Triffin v. Automatic Data Processing, Inc.*, 394 N.J. Super. 237, 246 (App. Div. 2007) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)).

Defendant argues Plaintiff failed to sufficiently plead a claim for fraud because, among other things, Plaintiff failed to allege he suffered damages. (ECF No. 7-1 at 7-8.) Additionally, Plaintiff's Complaint makes only conclusory allegations that Defendant committed fraud by either changing his disability insurance policy to an "accident with disability rider contract" or "forging [his] signature from [his] work I.D. card to [sic] contract signature page." (ECF No. 1 at 3.) Plaintiff pleads no facts demonstrating Defendant's knowledge or belief of its falsity or that Plaintiff suffered damages as a result. As such, Plaintiff has failed to state a claim against Defendant for fraud, particularly under the heightened pleading standard of Rule 9(b). Accordingly, Defendant's Motion to Dismiss is Plaintiff's fraud claim is **GRANTED WITHOUT PREJUDICE**.

### C. Request for Pro Bono Counsel

Plaintiff's opposition also asks that the court to appoint him "an attorney to proceed with the issue in hand." (ECF No. 9 at 3.) Plaintiff has not filed an application for appointment for *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Nonetheless,

> [w]here an unrepresented [p]laintiff in a civil suit is *indigent*, and where good cause exists for the appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1), the District Court has the discretion and authority to appoint pro bono counsel even in the absence of a

> specific motion to do so, pursuant to *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir.[ ]1993).

*Williams v. Hayman*, 488 F. Supp. 2d 446, 447 (D.N.J. 2007) (emphasis added). Because Plaintiff neither filed a formal motion for *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) or filed an application to proceed *in forma pauperis*, this Court cannot determine whether Plaintiff is indigent. Accordingly, Plaintiff's request for *pro bono* counsel is **DENIED**. If Plaintiff wishes to reapply for pro bono counsel he may do so.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**.

Date: July 26, 2017 */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**