NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MERAT M. SABA, | : | |
| Plaintiff, | : | Civil Action No. 16-9064-BRM-DEA |
| v. | : | |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS (AFLAC), | : | |
|  | : | **OPINION** |
| Defendant. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Merat Saba's ("Saba") Motion and Letter Request to Reopen his case. (ECF Nos. 22, 24.) Defendant American Family Life Assurance Company of Columbus ("AFLAC") opposes the Motion. (ECF No. 23.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below and for good cause shown, Saba's Motion is **DENIED**.

**I.    BACKGROUND**

The underlying facts and procedural background are set forth at length in the Court's July 26, 2017 Opinion (ECF No. 13), in which the Court granted AFLAC's Motion to Dismiss. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute and discusses only relevant portions of the record below.

On July 26, 2017, the Court dismissed Saba's complaint without prejudice. In doing so, it found

> Plaintiff's Complaint fails to provide Defendant with "fair notice"
> of what his claims are and the grounds upon which his claims rest.

1

> *Erickson*, 551 U.S. at 93. For that reason alone, the Complaint may be dismissed, pursuant to rule 8(a). Nonetheless, because Plaintiff is *pro se*, the Court construes his Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and interprets Plaintiff to allege claims for breach of contract and common law fraud.

(ECF No. 13 at 5.) Both claims were denied for failure to state a claim. (*Id.* at 6-7.)

On August 1, 2017, Saba filed a Notice of Appeal, which was docketed with the Third Circuit on August 2, 2017, as Appeals Docket No. 17-2672, seeking an appeal of the Court's July 26, 2017 Order (ECF No. 14). (ECF Nos. 15, 18.) On August 1, 2017, Saba filed an application to proceed *in forma pauperis* on appeal (ECF No. 16), which this Court denied on August 3, 2017, based on Saba's ability to pay (ECF No. 19). On August 11, 2017, this Court was notified by the Third Circuit that Saba voluntarily dismissed his appeal. (ECF No. 21.)

On August 28, 2017, Saba filed a Motion to Reopen. (ECF No. 22.)[1] Saba argues his case should be reopened because he does not understand the legal system and needs more time to find an attorney. (*Id.* at 3.) He notes that he has "never appeared before a judge for this case" and questions "how . . . a forgery case be denied without court appearance?" (ECF No. 22-1 at 1-2.) He wants to "appear before a judge in order to clear any and all misunderstanding [sic] of this complaint and how [sic] justice system allows criminal activities to be continued by failing to address them and take decisive actions to stop them forever." (*Id.* at 3.) He states, "It is my conclusion view point the merit of letter to court [sic] and copies to defense attorneys has [sic] misunderstood, ignored or considered as extraneous and irrelevant" (*id.* at 2), although it is not clear what letter he is referencing.

---

[1] Saba filed a single Motion to Reopen for both of his cases (Dkt. No. 16-4712 and Dkt. No. 16-9064). Because the Court is addressing the cases separately, only relevant portions of the record will be addressed here.

Additionally, Saba renews his request to have "[t]he entire complaint . . . prosecuted by federal prosecutor [sic] office" because "criminal acts" "have taken place and still happening to [him] from inception of [his] employment with the [MCBSS] and after passing away of [his] wife." (*Id.* at 3.) However, he states he is "unable to share [the criminal acts] without legal representation." AFLAC opposes reopening the case. (ECF No. 23.)

On March 2, 2018, Saba filed a letter request asking the Court to reopen his case "as soon as possible to resolve the complaint." (ECF No. 24.)

The Court construes Saba's Motion to seek reconsideration of or relief from the July 26, 2017 Order. Alternatively, the Court construes it as a motion to amend the complaint. Each is addressed in turn.

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).
3

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (citation omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere

disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

### B. Decision

To the extent Saba seeks reconsideration of the Court's July 26, 2017 Order, reconsideration is **DENIED**. Saba has not demonstrated "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café,* 176 F. 3d at 677. While Saba contends an unspecified letter may have been "misunderstood, ignored or considered as extraneous and irrelevant," and that he would like to "to clear any and all misunderstanding of this complaint," he does not state what those misunderstandings are, what he thinks the Court overlooked (if anything), and he does not point to any clear error of law or fact. At best, he argues the Court erred in not holding oral argument on the motion to dismiss, and contends he wants to appear before the Court to inquire "how [the] justice system allows criminal activities to be continued by failing to address them and take decisive actions to stop them forever." (*Id.* at 4.) This is not a ground for reconsideration, nor is the Court required to hold oral argument. Fed. R. Civ. P. 78(b); L.Civ.R. 78.1.

Further, Saba has no private cause of action against AFLAC arising out of the FBI or prosecutor's apparent decision not to criminally investigate his allegations. To the extent Saba is asking this Court to compel the FBI to conduct an investigation, that request is in the nature of a

5

mandamus action. *See Seymour/Jones v. Denise A. Kuhn*, Civ. A. No. 96-6599, 1997 WL 24838, at *3 (E.D. Pa. Jan. 22, 1997) (quoting *Whittle v. Moschella*, 756 F. Supp. 589 at 596–97 (D.D.C.1991)). Saba as not alleged nor sufficiently pled he is entitled to such relief.

Accordingly, reconsideration of the July 26, 2017 Order is **DENIED**.

### III.  RELIEF FROM PRIOR ORDER

#### A.  Legal Standard

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

#### B.  Decision

To the extent Saba's Motion is filed pursuant to Federal Rule of Civil Procedure 60(b), his motion is **DENIED**. Saba has not alleged the Court engaged in fraud or made a mistake, nor has he alleged the existence of newly discovered evidence, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1); *Gonzalez*, 545 U.S. at 529. Instead, he merely expresses

concern that his Complaint was misunderstood (ECF No. 22-1 at 3), while failing to identify what, specifically, was misunderstood or how it would have affected the Court's decision on the motions to dismiss. *See Erie v. Cty. of Crawford, Com. of Pa.*, 161 F. App'x 227, 228 (3d Cir. 2006) (affirming district court's denial of motion to reopen where plaintiff alleged defendants "misled the District Court as to the facts of the case" but plaintiff "d[id] not identify any specific facts which were misrepresented or explain how they affected the District Court's ruling"). This conclusory allegation is insufficient to grant relief pursuant to Rule 60(b).

Furthermore, Saba indicates he cannot share information with the Court without legal representation. (ECF No. 22-1 at 2.) Saba has had nearly two years to find counsel. Nevertheless, his inability to pay for counsel is not a reason to reconsider the Court's prior decision.

Accordingly, reconsideration of the July 26, 2017 Order is **DENIED**.

### IV. MOTION TO AMEND

Saba has not, expressly, requested to amend his Complaint. To the contrary, his Motion to Reopen asks to appear before the Court in order to "clear any and all misunderstanding of *this* complaint" (ECF No. 22-1 at 3), indicating he intends to stand on his originally filed Complaint, *see Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976); *Frederico v. Home Depot*, 507 F.3d 188, 192 (3d Cir. 2007) (finding jurisdiction where plaintiff "repeatedly asserted that the allegations contained in the complaint were legally sufficient"). Nevertheless, in light of this Court's prior dismissal of the original Complaint, and this decision, and in order to review the record in a light most favorable to Saba, the Court considers any additional allegations and construes his motion as one to amend the Complaint, despite the procedural deficiencies.

#### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), once a party's time to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile if it "is frivolous or advances a claim . . . that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

### B. Decision

To the extent Saba moves to amend his Complaint, his motion is **DENIED**. Nothing submitted in Saba's Motion to Reopen, if included in an amendment to the current Complaint, would cure the deficiencies described in the Court's July 26, 2017 Opinion. In other words, based on the record before the Court, amendment to the Complaint would be futile because Saba has not set forth allegations sufficient to state a claim, as explained in the Court's July 26, 2017 Order and Opinion.

Saba has not demonstrated an amendment is warranted, and therefore, any request to amend is **DENIED**.

V. CONCLUSION

For the reasons set forth above, Saba's Motion (ECF No. 22) is **DENIED**. Specifically, relief is denied under Local Civil Rule 7.1(i) and Federal Rule of Civil Procedure 60(b). The Court finds Saba stands on his Complaint, but to the extent he seeks to amend his Complaint, that request is denied. An appropriate order will follow.

Date: March 29, 2018 */s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE